# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SREAM, INC,<br><br>    Plaintiff,<br><br>v.<br><br>YACOUB KHOURY d/b/a "JACK'S CONVENIENCE STORE"; NESREEN Y FARAG d/b/a "MKJ SMOKES PLUS"; AYMAN MOUSA d/b/a "SMOKE4LESS"; and DOES 1-10 INCLUSIVE,<br><br>    Defendants. | Case No. 5:14-cv-00782-VAP-SP<br><br>**[PROPOSED] CONSENT DECREE AND PERMANENT INJUNCTION AGAINST DEFENDANT <u>NESREEN Y FARAG d/b/a "MKJ SMOKES PLUS"</u>** |

**CONSENT DECREE AND PERMANENT INJUNCTION**

# CONSENT DECREE AND PERMANENT INJUNCTION

This Court, having read and considered the Joint Stipulation to Enter [Proposed] of Consent Decree and Permanent Injunction Against Defendant Nesreen Y Farag d/b/a/ "MKJ Smokes Plus" that has been executed by Plaintiff Sream, Inc. ("Plaintiff" or "Sream") and Defendant Nesreen Y. Farag d/b/a "MKJ Smokes Plus" ("MKJ"), in this action, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Plaintiff Sream, Inc. ("Sream" or "Plaintiff") filed suit against Defendant Nesreen Y. Farag d/b/a "MKJ Smokes Plus" ("MKJ"), alleging that MKJ violated Sream's rights under 15 U.S.C. §§ 1114, 1116, 1125(a), (c), and (d), and Cal. Bus & Prof. § 17200 *et seq.* ("Action");

2. This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 28 U.S.C. §§ 1331 and 1338.

3. The Parties entered into a settlement agreement as of December 2014 ("Settlement Agreement"), including an agreement to stipulate to a permanent injunction and consent decree;

4. For the purposes of binding preclusive effect on MKJ as to future disputes between MKJ and Sream, and only for such purposes, MKJ admits the following:

   a. Mr. Martin Birzle is now, and has been at all times since the dates of issuance, the owner of United States Trademark Registration Nos. 2,235,638; 2,307,176; and 3,675,839 (the "RooR Marks") and of all rights thereto and thereunder. The RooR Marks are valid and enforceable.

5. MKJ, and those acting on MKJ's behalf (including its owners, shareholders, principals, officers, agents, servants, employees, independent contractors, and partners), are permanently enjoined from producing, manufacturing, distributing, selling, offer for sale, advertising, promoting, licensing, or marketing (a) any product bearing the RooR Marks or (b) any design, mark, or feature that is confusingly similar to the RooR Marks (collectively, the "**Injunction**").

6. MKJ is bound by the Injunction regardless of whether Mr. Martin Birzle assigns or licenses its intellectual property rights to another for so long as such trademark rights are subsisting, valid, and enforceable. The Injunction inures to the benefit of Mr. Martin Birzle's successors, assignees, and licensees.

7. This Court (or if this Court is unavailable, any court within the Central District of California) shall retain jurisdiction over all disputes between and among the Parties arising out of the Settlement Agreement and Injunction, the Stipulation which includes the Injunction, and this final Consent Decree and Permanent Injunction, including but not limited to interpretation and enforcement of the terms of the Settlement Agreement.

8. The Parties have waived any rights to appeal this Consent Decree and Permanent Injunction, including without limitation the Injunction.

9. Each party shall bear its own attorneys' fees and costs.

10. The claims for relief, and each of them, alleged by Plaintiff against MJK, are dismissed with prejudice.

11. This Injunction shall be deemed to have been served upon MJK at the time of its execution by the Court.

12. The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendants.

IT IS SO ORDERED.

Dated: _January 28, 2015

*Virginia A. Phillips*

Virginia A. Phillips
United States District Court Judge